UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BISCHOFF

          Petitioner,

v.

                                          Civil No. 05-70263
                                          Criminal No. 04-80552
                                          Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

          Respondent.
_____

## <u>ORDER DENYING PETITIONER'S MOTION<br>FOR CERTIFICATE OF APPEALABILITY</u>

On December 19, 2005 the Court denied the Petitioner's 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence.  The Petitioner now moves for a Certificate of Appealability.

An appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  *See* 28 USC § 2253(c)(1)(A) and F.R.A.P. 22(b).  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue.  F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  The substantial showing threshold is satisfied when a petitioner demonstrates that the issues raised are debatable among

reasonable jurists, that the court could resolve issues differently, or that the questions deserve to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983); *see also Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir. 1997).

The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than absence of frivolity' 'or the existence of mere good faith on his or her part." *Id.* at 338. However, the Court stated that a prisoner need not prove that some jurists would grant the petition for habeas corpus. *Id.* "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.*

In this Circuit, the court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001)(*per curiam*). If granted, the court must identify the issues for which the applicant made the required showing. 28 USC § 2253(c)(3); F.R.A.P. 22(b). Where the petition for writ of habeas corpus was dismissed on procedural grounds, "[d]etermining whether a certificate of appealability should issue has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).

The Petitioner signed a plea agreement on August 26, 2004, pleading guilty to one count of making a false statement on a credit application. The Petitioner was

2

sentenced on September 27, 2004 to 18 months.  On January 25, 2005, the Petitioner filed a petition for writ of habeas corpus.  The Petitioner sought habeas relief for ineffective assistance of counsel and enumerated the following grounds:

(1)     for counsel's failure to object to judicial fact-finding in sentencing and failure to file an appeal within 10 days;

(2)     failing to put the USSG §5K1.1 agreement on the record;

(3)     failing to inform the court that the Petitioner is a business owner whose incarceration would result in innocent employees losing their jobs;

(4)     failing to object to the sentence imposed;

(5)     failing to inform the Petitioner of his appellate rights;

(6)     failing to object to the use of sentencing guideline amendments enacted after the date of the crime; and

(7)     advising a plea that involved a sentence computed with improper guidelines.

On review, the Court found the Petitioner did not make a sufficient showing on any of the grounds.  Consequently, the Court denied Petitioner's 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence on December 19, 2005.

The Court finds the Petitioner has not made a substantial showing that reasonable jurists could disagree, that the court could resolve the issue differently, or that the question deserves to proceed further with regard to any of the grounds.

Ground one was foreclosed by *Humphress v. U.S.*, 398 F.3d 855, 857 (6th Cir. 2005).  The Petitioner failed to demonstrate prejudice on any of the remaining grounds. Particularly, with reference to ground two, the Government never moved for a 5K1.1

3

departure.  It is clear from the transcripts from the Petitioner's plea hearing and sentencing that there was a possibility for a departure but the Government explicitly stated there had not yet been substantial assistance.  Further, with regard to ground five, the Petitioner was made aware of his appellate rights by the Court and the plea agreement, independent of what his attorney may have told him.

Accordingly, Petitioner's Motion for a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  May 22, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 22, 2006.**

**S/Carol A. Pinegar**
**Deputy Clerk**

4